CECILIO MÉNDEZ, demnadante y apelante, *v.* DIEGO G. GONZÁLEZ y MARCELINO ALDARONDO, demandados y apelados.

No. 5936.—*Sometido:* Abril 5, 1934. *Resuelto:* Junio 30, 1934.

140

*R. Padró Parés,* abogado del apelante; *García Méndez & García Méndez,* abogados de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Para asegurar la efectividad de la sentencia que pudiera dictarse contra Marcelino Aldarondo, Diego G. González embargó bienes muebles e inmuebles. Cecilio Méndez compareció en este pleito alegando que los bienes muebles embargados eran suyos y el presente recurso es la apelación interpuesta contra la sentencia dictada por la corte de distrito declarando sin lugar la demanda del tercerista.

La corte halló por la prueba presentada que todos los efectos embargados se hallaban en poder de Marcelino Aldarondo y le pertenecían al tiempo de trabarse el embargo y que la tienda era también propiedad de Marcelino Aldarondo. Durante el juicio, Méndez ofreció bastante prueba para demostrar que tenía la patente de este establecimiento específico, mas hubo otra prueba, que la corte creyó, tendiente a demostrar que Aldarondo tenía la patente de la tienda donde los bienes fueron embargados. Cecilio Méndez tenía una tienda cerca de allí.

No tenemos dudas de que los bienes pertenecían a Aldarondo. Esta conclusión es fortalecida por el hecho de que Aldarondo nunca ocupó la silla testifical. Ni la corte ni los

apelados hacen comentario alguno sobre este hecho, pero su omisión de ocupar la silla de los testigos fué muy significativa. Él, quizá, pudo explicar mucho y las disposiciones del inciso quinto del artículo 102 de la Ley de Evidencia son de aplicación.

El apelante se queja de que la corte inferior dejó de eliminar de las contestaciones de González algunas materias de defensa especial. Estamos inclinados a convenir con los apelados en que aquella parte de las contestaciones que fué objetada era germana al caso, aunque es posible que contuviera algunas materias innecesarias de prueba. El error no fué perjudicial.

El apelante también se queja del proceder de la corte al hacer una inspección ocular del sitio, sin la presencia del apelante. La corte meramente fué allí para averiguar dónde estaba la tienda y convenimos con los apelados en que el error, de haberse cometido, no fué perjudicial.

El señalamiento bajo la letra ''C'' se refiere a una supuesta pasión o prejuicio por parte de la corte al referirse a la prueba del otro caso—*Méndez* v. *González,* ante, pág. 135. No hallamos que el apelante hiciera esfuerzo alguno en la corte inferior para solicitar de la corte que no se fundara en los hechos del otro caso. Empero, los dos casos debieron haberse visto conjuntamente. No hallamos que la corte se basara en los hechos del otro caso, pero aun si lo hubiere hecho así o si ella hubiese sido afectada por la credibilidad de los testigos con motivo del juicio en el otro caso, ésta es la condición ineludible de la mente cuando una corte ve ambos casos el mismo día. Sea ello como fuere, la prueba de la enajenación fraudulenta era suficiente y la acción de la corte no fué perjudicial.

El señalamiento ''D'', que el apelante trata en unión del señalamiento ''C'' deja de demostrar pasión o prejuicio de parte de la corte. Ésta hizo ciertas preguntas, cuyas respuestas tenderían a sostener el caso de González, y no hallamos que hubiera prejuicio o error.

*Un examen de toda la prueba nos convence de que las conclusiones de la corte y la sentencia apelada deben ser confirmadas.*